UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH LYON,<br><br>        Plaintiff,<br><br>    v.<br><br>DEPUY ORTHOPAEDICS, INC., et al.,<br><br>        Defendants. | Case No. 19-cv-05270-PJH<br><br>**ORDER GRANTING MOTION TO STAY PROCEEDINGS PENDING MULTIDISTRICT LITIGATION TRANSFER DETERMINATION AND VACATING MOTION TO REMAND**<br><br>Re: Dkt. Nos. 11, 16 |

Before the court is defendants Depuy Orthopaedics, Inc., Johnson & Johnson Services, Inc., Johnson & Johnson, Depuy International Limited, and Depuy Products, Inc., (collectively, the "Removing Defendants") motion to stay all proceedings in this action pending a determination by the Judicial Panel for Multidistrict Litigation ("JMPL") on whether to transfer this action to MDL No. 2244: In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Products Liability Litigation (the "MDL No. 2244 proceeding"). The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for October 9, 2019 is VACATED. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the Removing Defendants' motion for the reasons summarized below. Consequently, the court also VACATES the October 30, 2019 hearing on plaintiff Deborah Lyon's motion to remand. Plaintiff may re-notice that motion if the JPML refuses to transfer this action to the MDL No. 2244 proceeding.

## BACKGROUND

Plaintiff initiated this action in the San Francisco County Superior Court on July 8, 2019. Dkt. 1-2 ("Compl."). In her complaint, plaintiff alleges claims in connection with

two hip transplants she received in 2010 and 2011 that used the ceramic-on-metal Pinnacle Hip System device ("Pinnacle Device"). Such claims include strict liability for design and manufacturing defects in the Pinnacle Device, strict liability for failure to warn of hazardous defects in the Pinnacle Device, negligence, negligent misrepresentation, breach of express warranty, and breach of implied warranty. Id. ¶¶ 104-161. Plaintiff alleges all seven of the above claims against all defendants named in the underlying action. Id. Aside from the Removing Defendants, the complaint also names independent contractor and device sales representative, Kale Turner. Id. ¶ 16. Defendant Turner is the only California resident in this action, id. ¶¶ 3-15, and the only allegation of his specific conduct is that he "marketed and sold" the Pinnacle Device "either directly or indirectly, to customers throughout the state of California, including Plaintiff," id. ¶ 16.

On August 22, 2019, the Removing Defendants removed plaintiffs' action to this court. Dkt. 1. In support of their removal, the Removing Defendants assert that diversity federal subject matter jurisdiction is proper because defendant Turner was fraudulently joined. Id. ¶¶ 14-48.

On September 4, 2019, the Removing Defendants filed this motion, requesting to stay all proceedings pending a determination by the JPML to transfer this action to the MDL No. 2244 proceeding assigned to the Hon. Judge James E. Kinkeade of the United States District Court for the Northern District of Texas. Dkt. 11. The JPML created that proceeding on May 23, 2011, MDL Dkt. 120, and did so to coordinate all federal cases sharing "factual questions as to whether DePuy's Pinnacle Acetabular Cup System, a device used in hip replacement surgery, was defectively designed and/or manufactured, and whether defendants failed to provide adequate warnings concerning the device." In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prods. Liab. Litig., 787 F.Supp.2d 1358, 1369 (J.P.M.L. 2011).

On August 29, 2019, the JPML issued Conditional Transfer Order ("CTO") No. 323. The CTO identified the instant action as a potential "tag-along" to the MDL No. 2244 proceeding and conditionally transferred it to that proceeding. MDL Dkt. 2183. Shortly

after, on September 5, 2019, plaintiff filed her notice of opposition to such transfer. MDL Dkt. 2185. The JPML has not issued its final order on the transferability of this action to the MDL No. 2244 proceeding.

On September 19, 2019, plaintiff filed her motion to remand. Dkt. 16. In it, plaintiff disputes the Removing Defendants' assertion that California resident defendant Turner was fraudulently joined. Id. As a result, plaintiff argues, this action is not subject to removal on the basis of diversity subject matter jurisdiction. Id.

## DISCUSSION

Title 28 U.S.C. § 1407 confers the JPML with the authority to transfer "civil actions involving one or more common questions of fact [which] are pending in different districts . . . to any district for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). Section 1407 further provides that the panel must order such a transfer when it determines that doing so would advance "the convenience of parties and witnesses" and "promote the just and efficient conduct of such actions." Id. The panel may issue a CTO pending its determination of an action's transferability, but such orders "do[] not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court." J.P.M.L.R. 2.1(d).

When considering a motion to stay pending a JPML transfer, courts evaluate the following factors: (1) potential prejudice to the non-moving party if the stay were granted; (2) hardship and inequity to the moving party if the action were not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases were consolidated. Jones v. Bristol-Myers Squibb Co., 2013 WL 3388659, at *2 (N.D. Cal. July 8, 2013). Courts in this district also recognize that, when faced with a motion to remand, "deference to the MDL court" for resolution of that motion often provides "the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system." Freitas v. McKesson Corp., 2012 WL 161211, at *1 (N.D. Cal. Jan. 10, 2012).

**A.     Judicial Efficiency Supports Granting the Stay**

"Preservation of judicial resources is a primary factor to consider in evaluating a

motion to stay proceedings pending a transfer to an MDL court." Jones, 2013 WL 3388659 at *2. "Courts generally grant a stay pending resolution of consolidated proceedings when a stay would avoid the needless duplication of work and the possibility of inconsistent rulings." Freitas v. McKesson Corp., 2012 WL 161211, at *2 (N.D. Cal. Jan. 10, 2012).

Here, the court finds that granting the stay would advance judicial economy. The JPML has already ordered this action conditionally transferred to the MDL No. 2244 proceeding. The MDL court has adjudicated Pinnacle Device-related products liability claims since May 2011 and has previously adjudicated motions to remand involving fraudulent joinder in connection with such claims. See Danning v. DePuy, Inc., 2014 WL 12573846, at *1 (C.D. Cal. Apr. 9, 2014) ("Defendants DePuy Orthopaedics, Inc. . . . move to stay this action (which concerns, at least in part, a Pinnacle Acetabular Cup System used in hip replacement surgery) pending the likely transfer of it to a pending multi-district litigation ('MDL') . . . Plaintiffs, meanwhile, move to remand, arguing lack of complete diversity—the defendants removed by discounting the presence of non-diverse defendants under a fraudulent joinder theory . . . The Court has, on multiple occasions, denied similar remand motions or requests involving the alleged fraudulent joinder of one or more of the same non-diverse defendants . . . [collecting cases] . . . As a result, the Court GRANTS the Moving Defendants' motion to stay . . .") (internal citations omitted). Additionally, as explained by the court in Danning v. DePuy, Inc., the MDL No. 2244 proceeding "ha[s] established a centralized procedure for adjudicating remand motions." Id. Given that the MDL court either has existing procedures to adjudicate or has already adjudicated motions to remand implicating fraudulent joinder issues, that court is best situated to adjudicate plaintiff's motion to remand in a way that would avoid inconsistent results among like cases. Additionally, the MDL court likely maintains the greatest institutional knowledge concerning Pinnacle Device-related litigation. As a result, the MDL court would likely be the most efficient forum to decide plaintiff's motion to remand. Given the above, the court finds that granting the requested stay—and thereby allowing

1 the MDL court the opportunity to adjudicate plaintiff's motion to remand (as well as any
2 other pretrial motions that could arise during the period of the requested stay)—would
3 best maximize judicial efficiency.

### B. Fairness Considerations Support Granting the Stay

For the reasons discussed immediately below, the court finds that fairness considerations also favor granting the requested stay.

#### 1. The Removing Defendants Would Suffer Prejudice If the Stay Were Denied

Courts in this district recognize that the potential burden of engaging in duplicative litigation weighs heavily in favor of issuing a stay pending a multidistrict litigation transfer determination. Jones, 2013 WL 3388659 at *3.

Here, the Removing Defendants would suffer hardship if their motion to stay were denied. As this court reasoned in Jones, if the court were to deny the motion to stay and then consider and deny the plaintiff's competing motion to remand, and the case were then transferred, "the MDL court could revisit the issue, thus forcing [defendant] to relitigate it." Id. On the other hand, if the court subsequently granted that competing motion to remand and the MDL court "later decides that removal in similar cases was proper," defendant "would be prejudiced by having to litigate the case in state court instead of before the MDL." Id. Stated differently, if the court were to deny the motion to stay, the Removing Defendants "would be left with two unfavorable alternatives that expose it to a significant risk of duplicative litigation and prejudice." Id. As a result, the potential prejudice to the Removing Defendants favors granting the stay.

#### 2. Plaintiff Would Not Suffer Any Prejudice If the Stay Were Granted

Here, plaintiff has failed to identify any cognizable prejudice to her that would result from a delay in litigating this action for the finite period requested. It is also unlikely that plaintiff could identify such prejudice. On the one hand, if the JPML refuses to order the transfer, plaintiff may promptly re-notice her motion to remand before this court. On the other, if the JPML orders the transfer, plaintiff may raise her remand motion with the MDL court. In either scenario, plaintiff has already briefed the majority of her motion, so

the marginal resources she would need to expend to renew it are limited.

Lastly, because the JPML has already conditionally transferred this matter to the MDL No. 2244 proceeding and plaintiff opposed that order on September 5, 2019, the duration of the requested stay will likely end soon. Jones, 2013 WL 3388659 at *4 ("The JPML has already conditionally transferred this matter to the Plavix® MDL and a stay is not likely to be long in duration."). Given the above, the court finds that the absence of any potential cognizable prejudice to plaintiff favors granting the stay.

### C.   Plaintiff's Concurrent Motion to Remand Does Not Change the Stay Decision

Despite a challenge to its subject matter jurisdiction in a concurrent motion to remand, a court in this district retains its authority to stay an action pending the JPML's transfer determination. Gonzalez v. Organon USA, 2013 WL 664551, at *1 (N.D. Cal. Feb. 22, 2013) ("Contrary to what plaintiffs suggest, there is no rule that the district court must first consider the jurisdictional issues raised in a motion to remand, and there is nothing to preclude the MDL court from considering the jurisdictional issues after the transfer."); Gonzalez v. Ford Motor Co., 2017 WL 9614465, at *2 (N.D. Cal. Nov. 16, 2017) (summarily rejecting plaintiff's "main argument [] that there is no basis for federal jurisdiction in this case" when ordering a stay pending the JPML's transfer determination); Brewer v. DePuy Orthopaedics, Inc., 2012 WL 1595083, at *2 (N.D. Cal. May 4, 2012) (denying plaintiffs' motion to remand and granting defendants' motion to stay despite argument by plaintiffs that federal removal was improper). Still, a court in this district may preliminarily scrutinize the jurisdictional issues presented in a competing motion to remand pursuant to a three-step inquiry set forth by the court in Meyers v. Bayer AG, 143 F. Supp.2d 1044 (E.D. Wisc. 2001). See Jones, 2013 WL 3388659, at *4 ("Courts first give preliminary scrutiny to the merits of the motion to remand and then proceed to evaluate jurisdictional issues. . . . If this evaluation suggests that the jurisdictional issue is both difficult and similar or identical to those in cases transferred or likely to be transferred, the court should stay the action."). Such preliminary scrutiny, however, is optional in the Ninth Circuit. Ernyes-Kofler v. Sanofi S.A., 2017 WL 813506, at *2 (N.D.

Cal. Mar. 2, 2017) ("The Meyers test, although not binding in the Ninth Circuit, also favors a stay."); Ford Motor Co., 2017 WL 9614465, at *2 (same).

As explained above, this court need not engage in a preliminary scrutiny of plaintiff's motion to remand in the first instance. However, even if it were to apply the Meyers framework here, a stay would still be appropriate. It appears defendant Turner's purportedly fraudulent joinder raises complex jurisdictional issues. In her complaint, plaintiff provides only a single allegation of conduct by defendant Turner ***specifically***. With respect to plaintiff's allegations of conduct by defendants ***generally***, various such allegations are refuted by defendant Turner's declaration in support of the Removing Defendants' notice of removal. Dkt. 1-1. Moreover, defendant Turner's purportedly fraudulent joinder suggests issues similar to those presented in other cases previously transferred to the MDL No. 2244 proceeding. Brewer, 2012 WL 1595083, at *1 ("This case has been conditionally transferred to Multidistrict Litigation ('MDL') No. 2244, In re: DePuy Orthopaedics, Inc., Pinnacle Hip Implant Products Liability Litigation. Defendants have filed a motion to stay pending transfer, and Plaintiffs have filed a motion to remand based on what they contend is the non-fraudulent joinder of Defendant Thomas Schmalzried . . . Dr. Schmalzried is a defendant in numerous cases that have been transferred or are pending transfer to the MDL court, including cases brought by plaintiffs from the same states as Plaintiffs in this case."). As a result, even if the court were to apply the optional three-step Myers framework, it, too, would favor a stay.

## CONCLUSION

The court GRANTS the Removing Defendants' motion to stay all proceedings in this action pending the JPML's determination on whether to transfer this action to the MDL No. 2244 proceeding. As a result, the court VACATES this motion's hearing as well as the hearing on plaintiff's motion to remand scheduled for October 30, 2019. If the JPML refuses to transfer this action, plaintiff may re-notice her motion to remand for hearing.

1     **IT IS SO ORDERED.**

2     Dated:  October 7, 2019

3                                   /s/ Phyllis J. Hamilton

4                                   PHYLLIS J. HAMILTON
                                    United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California